El Pueblo de Puerto Rico, demandante y apelado, *v.* Juan B. Santiago, acusado y apelante.

No. 5562.—*Sometido:* Noviembre 14, 1934. *Resuelto:* Noviembre 23, 1934.

*L. Santiago Carmona*, abogado del apelante; *R. A. Gómez*, *Fiscal*, abogado de El Pueblo, apelado.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

El sargento Ortiz de la Policía Insular formuló denuncia ante la Corte Municipal de Bayamón contra Juan B. Santiago conocido por San Juan imputándole la comisión de un delito de acometimiento y agresión con circunstancias agravantes consistente en haber acometido y agredido al Licenciado Manuel Rivera de la Vega dentro de una guagua en la que viajaban varias personas, en el pueblo de Naranjito, el 2 de febrero de 1933.

Condenado el acusado por la corte municipal, apeló para ante la del distrito que lo declaró culpable de acometimiento y agresión simple y le impuso veinte dólares de multa.

No conforme el acusado recurrió para ante este tribunal. Sostiene en su alegato que la sentencia debe revocarse por no haberse demostrado "el pensamiento criminal" ni "la voluntad criminal" necesarios para la existencia del acto delictivo.

La prueba demuestra que el Lic. Rivera viajaba en un autobús conocido generalmente por guagua sentado en un asiento delantero cuando de repente, según declara, sintió un golpe en la parte derecha de la cara. Se levantó súbitamente y se enfrentó con el acusado.

Alberto Sánchez, dueño de la guagua, dijo que iba hablando con el Lic. Rivera, que el acusado viajaba sentado, en la última butaca de atrás, que la guagua paró y el acusado se levantó y al pasar por el lado de Rivera lo acometió, sur-

giendo la confusión consiguiente, tirándose unas señoras que iban en la guagua por la ventanilla y agarrando el testigo al acusado para que bajara lo más pronto posible.

Andrés Pedroza vió al acusado acometer y agredir a Rivera y Santiago Ortiz corrobora con el suyo los anteriores testimonios. El Sargento Ortiz de la Policía Insular, que se encontraba en Naranjito, practió la investigación del caso y formuló la denuncia.

A esa prueba de cargo sólo opuso el acusado su propia declaración. Manifestó que era amigo de Rivera y estaba siempre bromeando con él y ese día le dijo: " 'Qué, Manolín, te vas a apear aquí' y ahí mismo me echó mano Sánchez creyéndose que yo iba a pelear.''

La agresión fué súbita. No consta el motivo que tuviera el acusado, pero los actos por él realizados y la impresión que produjeron en las personas que los presenciaron demuestran que no fué su intención bromear, sino agredir.

En todo delito deberán estar unidos el acto y la intención, manifestándose ésta por las circunstancias relacionadas con el delito y el sano juicio y discreción del acusado, reputándose de sano juicio los que no sean idiotas, lunáticos o locos. Una intención maliciosa y criminal se presume por la manera y deliberación con que se intente o cometa un acto ilegal con el propósito de perjudicar a otro. Artículos 11 y 12 del Código Penal.

Aplicando esos principios a este caso en que se trata de un delito que se perpetra cuando se realiza el ''acto ilegal de inferir algún daño violento en la persona de algún semejante con la intención de causarle daño, cualesquiera que sean los medios o el grado de violencia que se emplearen'' (Sec. 1, Ley para determinar y castigar acometimiento, etc., de marzo 10, 1904), se concluye fácilmente que el delito fué en efecto cometido y en tal virtud que la corte no erró al declarar culpable al acusado. La verdad es que no se concibe esta apelación a no ser con el propósito de dilatar la ejecución de la sentencia, porque lo único que de los autos surge es lo benigno

de la pena impuesta al acusado atendidas todas las circunstancias concurrentes puestas de manifiesto por la prueba.

*Debe declararse sin lugar el recurso y confirmarse la sentencia recurrida.*